1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

STANLEY RIMER,

                        Petitioner,

    v.

RENEE BAKER, *et al.*,

                      Respondents.

Case No. 3:18-cv-00023-MMD-WGC

ORDER

## I.   SUMMARY

This is a habeas corpus action under 28 U.S.C. § 2254. Currently before the Court is Respondents' motion to dismiss (ECF No. 27) Petitioner Stanley Rimer's first amended petition (ECF No. 17).[1] The Court finds that Ground 1 of the first amended petition is unexhausted but technically exhausted because it would be procedurally barred in the state courts. The Court defers consideration whether Rimer can overcome the procedural default under *Martinez v. Ryan*, 566 U.S. 1 (2012), until after the parties have filed the answer and reply to the petition. The Court thus denies the motion to dismiss.

## II.   BACKGROUND

Petitioner was charged in state district court with second-degree murder (count 1), and child abuse or neglect (counts 2-7). (ECF No. 18-2.) After a jury trial, Petitioner was found guilty of one count of involuntary manslaughter, as a lesser-included offense of second-degree murder, and the six counts of felony child abuse or neglect. (ECF No. 18-3.) Petitioner appealed, and the Nevada Supreme Court affirmed. (ECF No. 18-7.) Petitioner then filed a post-conviction habeas corpus petition in the state district court *pro*

---

[1]Petitioner filed an opposition (ECF No. 43), and Respondents replied (ECF No. 56).

1    *se.* (ECF No. 33-32.) The state district court denied the petition. (ECF Nos. 18-8, 18-9.)

2    Petitioner appealed, and the Nevada Supreme Court affirmed. (ECF No. 18-12.)

3         Petitioner filed this federal petition for writ of habeas corpus on January 1, 2018.

4    (ECF No. 9.) After the Court appointed counsel for Petitioner, he filed a counseled, first-

5    amended petition raising seven grounds for relief. (ECF No. 17.) Respondents move to

6    dismiss the first amended petition because Ground 1—Petitioner's claim that he was

7    subject to ineffective assistance of counsel in violation of his Sixth Amendment rights—is

8    unexhausted. (ECF No. 27 at 5.)

9    **III.    LEGAL STANDARD**

10        Before a federal court may consider a petition for a writ of habeas corpus, the

11   petitioner must exhaust the remedies available in state court. *See* 28 U.S.C. § 2254(b).

12   To exhaust a ground for relief, a petitioner must fairly present that ground to the state's

13   highest court, describing the operative facts and legal theory, and give that court the

14   opportunity to address and resolve the ground. *See Duncan v. Henry*, 513 U.S. 364, 365

15   (1995) (*per curiam*); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). However, when no state

16   remedies are available, even when the remedy is no longer available based on the

17   petitioner's failure to seek state court review in a timely manner, the 'technical exhaustion'

18   doctrine may deem the ground exhausted. *See Woodford v. Ngo*, 548 U.S. 81 92-93

19   (2006); *see also Smith v. Baldwin*, 510 F.3d 1127, 1139 (9th Cir. 2007) (finding "a habeas

20   petitioner who has defaulted his federal claims in state court meets the technical

21   requirements for exhaustion; there are no state remedies any longer available to him").

22   **IV.    DISCUSSION**

23        Ground 1 of the first amended petition contains five claims of ineffective assistance

24   of trial counsel. All claims relate to counts three to seven involving child abuse or neglect.

25   The subject of each of these counts is one of Petitioner's then-minor children: J.R.,[2] S.R.,

26   E.R., Q.R., and A.R., respectively. Petitioner admits that he did not present these claims

27

28        _____
          [2]J.R. was also the subject of count one (second-degree murder) and count two
          (child abuse or neglect).

1 | to the state courts. (ECF No. 17 at 20.) Respondents argue that Petitioner has not
2 | exhausted Ground 1.

3 | Petitioner argues that Ground 1 is technically exhausted. If he went to the state
4 | courts to exhaust the claims in Ground 1, the state courts would find his post-conviction
5 | habeas corpus petition to be procedurally barred as untimely under NRS 34.726(1) and
6 | successive under NRS 34.810(2). (ECF No. 43 at 4.) When he ultimately returned to this
7 | Court, Petitioner argues, Ground 1 would be barred by procedurally default. (*Id.*) Petitioner
8 | then argues that he can overcome the default by showing cause and prejudice under
9 | *Martinez v. Ryan. See* 566 U.S. 1 (2012). *Martinez* held that a person can show cause
10 | and prejudice to overcome the procedural default of a claim of ineffective assistance of
11 | trial counsel by meeting the following elements:

> [W]here (1) the claim of "ineffective assistance of trial counsel" was a
> "substantial" claim; (2) the "cause" consisted of there being "no counsel" or
> only "ineffective" counsel during the state collateral review proceeding; (3)
> the state collateral review proceeding was the "initial" review proceeding in
> respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state
> law requires that an "ineffective assistance of trial counsel [claim] . . . be
> raised in an initial-review collateral proceeding."

*Trevino v. Thaler*, 569 U.S. 413, 423 (2013). Nevada has not adopted *Martinez* for claims
of ineffective assistance of trial counsel that are procedurally barred under state law. *See*
*Brown v. McDaniel*, 331 P.3d 867 (Nev. 2014). Implicit in Petitioner's argument is that he
has no other viable arguments for cause and prejudice that he can raise with the state
courts. Given that the only unexhausted claims are for ineffective assistance of trial
counsel, the Court accepts that Petitioner's only argument for cause and prejudice is
*Martinez*.

Petitioner has arguably met three of the elements of *Martinez*. First, he had no
counsel during his state post-conviction habeas corpus proceedings. Second, his state
post-conviction petition was the initial proceeding regarding claims of ineffective
assistance of trial counsel. Third, Nevada law requires that a claim of ineffective
assistance of trial counsel be raised in a post-conviction habeas corpus petition. *See*
*Gibbons v. State*, 634 P.2d 1214 (Nev. 1981).

Regarding the fourth element of *Martinez*, whether the claims of ineffective assistance of trial counsel are substantial, Respondents in their reply ask the Court to defer the *Martinez* analysis until after they file their answer because that analysis is intertwined with the merits of the claims. (ECF No. 56 at 6.) The Court agrees, preferring to address the matter in the same manner that it often does when a claim of cause and prejudice is based upon an independent claim of constitutionally ineffective assistance of either trial or appellate counsel. In such circumstances, the Court often defers a resolution of the cause-and-prejudice analysis until after the filing of an answer and reply contingently addressing the claims also on the merits, so that the Court may have the benefit in its analysis of a full factual and legal presentation as to all relevant claims. That is the procedure that the Court will follow herein.

## V.    CONCLUSION

It therefore is ordered that respondents' motion to dismiss (ECF No. 27) is denied. The Court holds that Ground 1 is actually unexhausted, but is technically exhausted because it would be procedurally barred by the state courts.

It further is ordered that the Court defers consideration of whether petitioner can demonstrate cause and prejudice under *Martinez v. Ryan*, 566 U.S. 1 (2012), to overcome the procedural default of Ground 1 until after the filing of an answer and reply in this action.

It further is ordered that, within 45 days of entry of this order, respondents must file an answer addressing all claims in the amended petition on the merits, under a *de novo* standard of review as to Ground 1, and also addressing whether Ground 1 is barred by procedural default under federal law.

It further is ordered that petitioner shall have 45 days from service of the answer within which to file a reply.

DATED THIS 17th Day of February 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

4